JS - 6          LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04674 GAF (AJWx) | Date | July 12, 2013 |
|---|---|---|---|
| Title | Jesus P. Gutierrez v. Phillip Chavez | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          (In Chambers)

## ORDER REMANDING ACTION

### I.
### INTRODUCTION & BACKGROUND

      On May 2, 2013, Plaintiff Jesus P. Gutierrez ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Defendant Phillip Chavez ("Defendant"). (Docket No 1., [Not. of Removal ("Not.")], Ex. 1 [Compl.].)  The action was filed as a limited jurisdiction action, seeking no more than $10,000.  (Id.)  Plaintiff alleges that on or about April 22, 2013, Defendant was served with a three day notice to pay rent or quit with respect to Defendant's lease of property located in Los Angeles, California ("the Property").  (Id. ¶¶ 3, 7-8; id., Ex. 2 [Three-Day Notice].)  Plaintiff alleges that "[a]t the time the [three]-day notice was served, the amount of rent due was $6550.00."  (Compl. ¶ 10.)  In addition to recovery of the Property, Plaintiff seeks recovery of past due rent of $6550.00, $78.33 per day in holdover damages from May 1, 2013 until the day of entry of judgment or recovery of possession, and attorney's fees.  (Id. ¶ 17.)

      Defendant, acting pro se, removed this action to this Court on June 27, 2013, invoking the Court's federal question jurisdiction.  (Not. ¶¶ 2-4.)  For the reasons set forth below, the Court concludes, sua sponte, that Defendant cannot establish this Court's subject matter jurisdiction.  Accordingly, the Court **REMANDS** this case to Los Angeles County Superior Court.

/ / /

JS - 6    **LINK: 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04674 GAF (AJWx) | Date | July 12, 2013 |
|---|---|---|---|
| Title | Jesus P. Gutierrez v. Phillip Chavez | | |

**II.
DISCUSSION**

**A. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ."  Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").  The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id. (quotations and citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States.  28 U.S.C. §§ 1441, 1331.  "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'"  Vaden v. Discover Bank, 556 U.S. 49, 50 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted).  Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court."  Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)).  Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd., 463 U.S. at 28-29.  However, "a plaintiff may not defeat removal by omitting to plead necessary federal questions."  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted).  "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint."  Id.

JS - 6    **LINK: 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04674 GAF (AJWx) | Date | July 12, 2013 |
|---|---|---|---|
| Title | Jesus P. Gutierrez v. Phillip Chavez | | |

**B. APPLICATION**

Defendant's only basis for claiming federal question jurisdiction in this case is his assertion that "Plaintiff . . . is . . . violating the civil rights of Defendant . . . and this should be litigated in federal court."  (Not. ¶ 3.)  However, this "defense" does not give rise to federal question jurisdiction.  Federal question jurisdiction is predicated upon the well-pleaded complaint, which in this case plainly does not raise a federal question.  Nor is there any basis for finding that Plaintiff engaged in artful pleading to defeat removal of a legitimate federal claim by attempting to disguise its claim as one arising under state law.  See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981).  "An unlawful detainer action is a true state law claim."  Homesales, Inc. v. Frierson, 2009 U.S. Dist. LEXIS 15856, at *8 n.8 (C.D. Cal. Feb. 11, 2009).  Therefore, jurisdiction is lacking even if Defendant intends to assert a defense based exclusively on federal law.  See Valles, 410 F.3d at 1075.

### III.
### CONCLUSION

For the foregoing reasons, Defendant cannot establish subject matter jurisdiction in this case.  Accordingly, the Court **REMANDS** this action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**